U.S. Department of Justice

United States Attorney
Southern District of New York

[Stamp: USDS SDNY DOCUMENT ELECTRONICALLY FILED DOC #: FILED: 5/23/07]

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 17, 2007

By Facsimile

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
40 Centre Street, Rm. 920
New York, New York 10007

**MEMO ENDORSED**

Re: United States v. Clyde W. Hall and Anne Hall
    07 Cr. 406 (KMK)

Dear Judge Karas:

The Government respectfully submits this letter in opposition to defendant Clyde W. Hall's putative appeal of the conditions of his release made at yesterday's pretrial conference. For the reasons set forth below, the Government requests that the Court set a firm deadline by which Clyde W. Hall ("Hall") must satisfy his remaining bail conditions and, if he fails to do so, detain him pending trial.

Hall is at liberty pursuant to the following bail conditions:

   a. $600,000 personal recognizance bond;
   b. Bond to be cosigned by three financially responsible people;
   c. Bond to be secured by cash or property worth $250,000, the remaining $50,000 to be posted by May 10, 2007;[1]
   c. Strict pre-trial supervision;
   d. Travel restricted to the Southern and Eastern Districts of New York; and

---

[1] The additional $50,000 security is the remaining outstanding condition.

Hon. Kenneth M. Karas
May 17, 2007
Page 2 of 5

  e. Surrender of all travel documents and no new applications.

  The foregoing conditions, which significantly increased those set at Hall's presentment on January 9, 2007, were ordered by Magistrate Judge Theodore H. Katz on April 27, 2007 after Hall had twice failed to meet deadlines by which he was to post cash or property to secure his bond.[2]

  Hall failed meet this latest deadline to post the additional $50,000 cash or property by May 10, 2007. When the Government inquired on or about May 14, 2007, Lee Ginsberg, Esq., stated that the money was still being gathered. Prior to the pre-trial conference on May 16, 2007, Malcolm Taub, Esq., who had taken over representation of Hall, showed the Government a check for $25,000 from an individual identified as Lou Myles.[3] Mr. Taub stated that he would deposit the check with the Court Clerk. Mr. Taub further stated that no other money was available and unless the Government consented to a reduction Hall's bail package, he would seek to have the Court reduced it by the $25,000 still outstanding.

---

  [2] On January 9, 2007, following Hall's presentment, Magistrate Judge Gorenstein ordered Hall released on his own signature pursuant to a $500,000 personal recognizance bond secured by $100,000 cash or property, which was to be posted by January 24, 2007 (the other conditions were the same as Hall's present bail package). On January 31, 2007, after Hall had failed to post the cash or property as required, Magistrate Judge Katz doubled that component of his bail to $200,000, to be posted by February 9, 2007, and required Hall's niece, Candace Raymond, separately to post property with $570,000 in equity by March 9, 2007. Hall's sister, Carol Patrick, provided $200,000 security by the February 9 deadline. Ms. Raymond, however, failed to post the required property and, in any event, defense counsel later conceded that it had far less value than originally represented (approximately $75,000-$100,000) and it was unclear when it would be available. Accordingly, on or about April 27, 2007, Magistrate Judge Katz ordered the present bail package.

  [3] The provenance of this money is unclear given that Hall, using a nominee, wire transferred $70,000 to Lou Cocomile (an alias of Lou Myles) in June and August 2005.

Hon. Kenneth M. Karas
May 17, 2007
Page 3 of 5

The Government does not consent to a reduction in Hall's bail package because it is reasonable given Hall's risk of flight, as evidenced by the following factors:

a. <u>The penalty faced by the defendant</u>. Among other charges, Hall is alleged to have conducted a sophisticated advance fee fraud scheme in which he defrauded, or attempted to defraud, victims of more than $14 million. A conservative Guidelines calculation shows that Hall faces more than seven years on this charge alone, giving him a strong incentive to flee.

b. <u>The strength of the Government's case</u>. The Government's case, which is described in detail in two criminal complaints filed against Hall, is based on bogus bankruptcy petitions filed by Hall, numerous bank records showing Hall using nominees to hide the proceeds of his fraudulent activity, taped conversations in which Hall makes false boasts about his success in finding funding for victims in exchange for advance fees, bogus bank instruments provided by Hall to his victims, as well as the testimony of his victims. When confronted with the volume and strength of the Government's evidence, and the likelihood of his conviction, Hall has a powerful reason to abscond rather than face trial.

c. <u>Means to flee</u>. Hall claimed to Pre-Trial Services that he has no fixed income and that his financial support comes from friends, in addition to Social Security payments. Further, he claimed that his only asset was $40 in cash, and that he doesn't pay rent or utilities. Despite his claim of having no assets or liabilities, evidence developed in the Government's investigation indicates that Hall has ample means to flee. According to the Government's evidence, Hall has defrauded victims of at least $4.25 million in the last two years. Hall has repeatedly transferred fraud proceeds between (a) offshore accounts that he controls, (b) at least one account held by another person in a foreign country, (c) accounts held in the name of GTIT in the United States and (d) at least one United States attorney escrow account in an apparent effort to hide the proceeds of his advance fee fraud scheme. Further, Hall uses two purported business trusts, Gramercy

Hon. Kenneth M. Karas
May 17, 2007
Page 4 of 5

        International Investment Trust ("GIIT") and American Swiss Trust ("AST"), as nominees to hide his assets. In particular, Hall pays for personal expenses, such as rent and utilities, using money held in GIIT and AST bank accounts. Indeed, despite this obvious income, Hall and his wife have failed to pay federal taxes for several years. Based on the foregoing, there is a significant basis for Hall to flee.

    d.    <u>Foreign contacts</u>. Hall's wife, Anne Hall, is a Swedish national and has significant contacts in that country. (Indeed, Ms. Hall may wish to self-deport rather than face conviction, a further incentive for Mr. Hall to flee). In addition, Hall has associates in Hong Kong, Canada, South America, the United Kingdom, and the Middle East to whom he has transferred the proceeds of his advance fee scheme and with whom he regularly corresponds. Finally, Hall has set up bank accounts in GIIT and AST's name in Hong Kong and Belize, and has transferred at least $1.25 million in fraud proceeds overseas before disbursing it elsewhere. These foreign contacts substantially increase Hall's risk of flight.

    At the pre-trial hearing, Mr. Taub principally argued that Hall would not flee and that his bail should be reduced because his son is presently detained pending a New York State murder trial. This argument, however, was made repeatedly by Mr. Ginsberg when Magistrate Judge Katz set Hall's bail conditions. Accordingly, this factor has been incorporated into the conditions of Hall's release and is not a basis to reduce them now.

    Given Clyde W. Hall's risk of flight, in particular his disingenuous attempts to conceal his assets, and his repeated failure to comply with the Court's reasonable deadlines, the Government respectfully requests that the Court impose a firm deadline for Clyde W. Hall to comply with his bail

Hon. Kenneth M. Karas
May 17, 2007
Page 5 of 5

conditions, and if he fails to do so, order him detained pending trial.

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney

              By: _____
                       THOMAS G. A. BROWN
                       Assistant United States Attorney
                       Tel: (212) 637-2194

cc: Malcolm S. Taub, Esq. (via fax)

---

*[Handwritten order:]*

Defendant Clyde Hall has until May 25, 2007 at 12 noon to comply *fully* with the bail conditions set on April 27, 2007. This includes the posting of $50,000 of cash from sources approved by the Government. There will be no further extensions.

SO ORDERED

_____
KENNETH M. KARAS U.S.D.J.
5/22/07