UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

UNITED STATES OF AMERICA            :
     v.                                  :         07 Cr 406 (RJS)
CLYDE W. HALL,                      :
     a/k/a "Peter Hall," and        :
ANNE HALL,                           :         **NOTICE OF**
     a/k/a "Anne Torselius,"         :         **OMNIBUS MOTION**
     a/k/a "Anne Torselius Hall,"  :
                                              :
          Defendants.                :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that upon the annexed motion; Memorandum of Law; affidavits of Clyde Hall, Anne Hall, and Lauren Hall; and upon all prior proceedings, the defendant CLYDE HALL, by his attorney James A. Cohen, Esq., will move this Court before the Honorable Richard J. Sullivan, United States District Judge for the Southern District of New York, sitting at the Daniel Patrick Moynihan United States Courthouse, Courtroom 21C, 500 Pearl St., New York, New York on a date and at a time designated by the Court:

    1.     Pursuant to Fed. R. Crim. P. 12(b)(3)(D) and 8(a), to sever count five from the indictment, on the grounds that joinder of the count with the other counts in this indictment is improper (*i.e.*, misjoinder).

    2.     Alternatively, pursuant to Fed. R. Crim. P. 12(b)(3)(D) and 14, to sever count five from the indictment, on the grounds that joinder of the count with other counts in the indictment is unfairly prejudicial.

    3.     Pursuant to Fed. R. Crim. P. 12(b)(3)(C) and 41(h), to suppress all evidence seized during January 9th search of 270 Riverside Drive.

  4. Pursuant to Fed. R. Crim. P. 12(b)(3)(C), to suppress seized documents, electronic messages and the like that are privileged communication between defendant and his legal counsel.

  5. Pursuant to Fed. R. Evidence 404(b), to request that the Government be directed to disclose all evidence of other or similar crimes, wrongs or acts allegedly committed by defendant upon which the Government intends to introduce at trial sufficiently in advance of trial to permit counsel to investigate. Such disclosure should include, but not be limited to, the following descriptions of the other alleged crimes, wrongs, or acts the Government intends to offer into evidence against the defendant under Rule 404(b):

    a. The date or dates on which such alleged crimes, wrongs, or acts allegedly occurred;

    b. The place or places at which such alleged crimes, wrongs, or acts allegedly occurred;

    c. The names and addresses of all persons who were witnesses to, or have knowledge of such alleged crimes, wrongs, or acts;

    d. Copies of all documents, materials, or other tangible objects that the Government intends to offer into evidence concerning such alleged crimes, wrongs, or acts;

    e. All exculpatory evidence, within the purview of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), with regard to such alleged crimes, wrongs or acts evidence (*i.e.*, all evidence that detracts from the probative value of the Rule 404(b) evidence, or that indicates that the probative value of the Rule 404(b) evidence might be outweighed by its prejudicial effect); and

  f. A statement of the purpose for offering the Rule 404(b) evidence (*i.e.*, a declaration from the government concerning whether the evidence is being offered to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake accident, or any other such purpose).

6. Pursuant to *Brady v. Maryland*, to request exculpatory material. Defendant's request for Brady materials includes, but is not limited to, the following:

  a. Any written or recorded statement of any person that contains information favorable to the defendant;

  b. The substance of any oral statement that contains information favorable to the defendant;

  c. The names and addresses of all persons who have, or who may have, information favorable to the defendant;

  d. The names and addresses of all persons interviewed by the Government, or any of its agencies, in connection with this investigation but who the Government does not intend to call as witnesses in this case.

  e. Any information which may tend to adversely affect the credibility of any persons called as a witness by the Government, including the arrest and/or conviction record of each Government witness, and including any offers of immunity or lenience, whether made directly or indirectly, to any Government's witness in exchange for testimony.

7.  Permission to file additional motions.

Dated: New York, New York
       Februrary 4, 2008

                                        Respectfully submitted,

                                        */s/ James Cohen*

James A. Cohen, Esq.
Michael W. Martin, Esq.
**LINCOLN SQUARE LEGAL SERVICES, INC.**
33 West 60th Street, 3rd Floor
New York, New York 10023
(212) 636-6934

*Attorneys for Clyde Hall*